UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL PICARD<br><br>  Plaintiff,<br><br>v.<br><br>DARCEL D. CLARK, in her official capacity as District Attorney for Bronx County, MICHAEL MAGLIANO, in his official capacity as Chief of Public Safety for the New York Unified Court System<br><br>  Defendants. | Case No.: _____ |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

### INTRODUCTION

1. This is a First Amendment challenge to a provision of New York's criminal contempt statute, N.Y.P.L. § 215.50(7) (the "Act"), which prohibits speech "concerning the conduct of a trial being held in such courthouse or the character of the court or jury engaged in such trial or calling for or demanding any specified action or determination by such court or jury in connection with such trial . . . [o]n or along a public street or sidewalk within a radius of two-hundred feet of any building established as a courthouse."

2. On December 4, 2017, Michael Picard was arrested outside the Bronx Hall of Justice for holding up a sign and passing out flyers. The sign said "Jury Info." The flyers said "No Victim? No Crime. Google Jury Nullification" on one side, and "'One has a moral

1

responsibility to disobey unjust laws' –Martin Luther King Jr." on the other. Mr. Picard was arrested pursuant to the Act and detained for roughly ten hours. The Bronx District Attorney's Office declined prosecution only because the arresting officer had failed to measure whether Mr. Picard was in fact within 200 feet of the courthouse.

3. The First Amendment protects the right to freely engage in political debate about the role of the jury in our legal system without the fear of criminal punishment. The Act violates the First Amendment in at least three respects. First, it imposes a content-based restriction on speech on public streets and sidewalks, which are traditional public forums. Second, the Act is substantially overbroad, criminalizing a great deal of constitutionally protected expression concerning the criminal legal system, even when there is no risk that such speech will interfere with the due administration of justice. Finally, the Act is unconstitutional as applied to speech advocating jury nullification. *See United States v. Heicklen*, 858 F.Supp.2d 256, 274–75 (S.D.N.Y. 2012) (holding, under the doctrine of constitutional avoidance, that the federal jury tampering statute did not apply to a man handing out jury nullification pamphlets outside a federal courthouse).

4. Mr. Picard brings a claim under 42 U.S.C. § 1983 for declaratory and injunctive relief against Defendants in their official capacities. He seeks a ruling (i) declaring that the Act facially violates the First and Fourteenth Amendments; (ii) declaring that the Act violates the First and Fourteenth Amendments as applied to jury nullification advocacy; and (iii) permanently enjoining Defendants from enforcing the Act. He further alleges as follows:

## PARTIES

5. Plaintiff Michael Picard is a resident of Hartford, Connecticut.

6. Defendant Darcel D. Clark is the District Attorney for Bronx County, New York.

She is responsible for executing and administering the laws of the State of New York, including N.Y.P.L. § 215.50(7), in Bronx County. District Attorney Clark's office is located at 198 E. 161st Street, Bronx, New York 10451. She is sued in her official capacity.

7. Defendant Michael Magliano is the Chief of Public Safety for the New York Unified Court System. He manages the court system's Department of Public Safety, which oversees the delivery of court security services to courts throughout New York State. On information and belief, Chief Magliano oversees the court security officers responsible for Mr. Picard's arrest on December 4, 2017. Chief Magliano's office is located at 25 Beaver Street, Room 810, New York, NY 10004. He is sued in his official capacity.

## JURISDICTION AND VENUE

8. This action arises under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

9. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

10. Defendants are public officials of the State of New York and their offices are located within this District. Accordingly, this Court has personal jurisdiction over Defendants.

11. Venue in the Southern District of New York is based on 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

12. The Act states that "[a] person is guilty of criminal contempt in the second degree when . . . [o]n or along a public street or sidewalk within a radius of two hundred feet of any building established as a courthouse, he calls aloud, shouts, holds or displays placards or signs containing written or printed matter, concerning the conduct of a trial being held in such courthouse or the character of the court or jury engaged in such trial or calling for or demanding

3

any specified action or determination by such court or jury in connection with such trial." N.Y.P.L. § 215.50(7).

13. The Act prohibits speech based on a person's location, rather than the speaker's intent or audience. As such, the Act reaches any and all public-facing protests, demonstrations, or statements made within that radius relating to courthouse proceedings.

14. The Act applies to speech on a public street or sidewalk. Public streets and sidewalks are traditional public fora, which "have immemorially been held in trust for the use of the public, and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983) (internal quotation marks omitted) (quoting *Hague v. CIO*, 307 U.S. 496, 515 (1939)).

15. Mr. Picard is a committed civil libertarian who strongly believes that jury nullification is an effective means to protest unjust laws. He wants to inform people who oppose prosecutions for victimless crimes that, as jurors, they have the ability to stand up to state power.

16. Starting in early 2016, Mr. Picard began handing out pamphlets with information on jury nullification on public sidewalks outside courthouses in Connecticut and Massachusetts.

17. Mr. Picard has never attempted to influence a juror's vote in a particular case. He does not research which trials are occurring before visiting a courthouse to advocate jury nullification. Rather, he picks locations based on convenience.

18. Mr. Picard advocates for jury nullification outside courthouses because he believes it is the most relevant location to inform the public about jury nullification as a way to protest bad laws. Mr. Picard stands on public sidewalks and offers flyers to any interested

individual who passes by. He has handed out flyers about jury nullification on approximately a dozen different occasions outside various courthouses.

19. On December 4, 2017, Mr. Picard traveled to the Bronx County Hall of Justice to distribute jury nullification pamphlets.

20. The main entrance to the Bronx County Hall of Justice is located on a major thoroughfare that includes several retail establishments and bus routes. The entrance is offset from the sidewalk by a plaza-like space with visually distinct tiling.

21. Mr. Picard stood on the public sidewalk outside the courthouse entrance. He held up a sign reading "Jury Info." He passed out flyers reading "No Victim? No Crime. Google Jury Nullification" on one side and "'One has a moral responsibility to disobey unjust laws' –Martin Luther King Jr." on the other.

22. Mr. Picard was not aware of any particular cases in which jurors were being impaneled or serving at the time. He did not discuss any particular criminal proceedings with anyone.

23. Mr. Picard handed out about four flyers to individuals who were walking by on the sidewalk outside the Bronx Hall of Justice. He did not ask any of these individuals whether they were active jury members. None of the people to whom Mr. Picard handed out fliers entered the courthouse.

24. An officer approached Mr. Picard around 8:00 AM, shortly after Mr. Picard began handing out fliers. The officer informed Mr. Picard that it is against the law to distribute flyers about jury nullification within two hundred feet of a courthouse.

25. Mr. Picard asked to see the text of the penal code referring to the two-hundred foot limitation. He protested that he was standing on a public sidewalk and was permitted to

distribute his informational flyers. One officer threatened to arrest Mr. Picard unless he moved. Mr. Picard refused to move and again requested to see the text of the code. At this point, Officer Vincent Allis placed Mr. Picard under arrest.

26. Officer Allis brought Mr. Picard into a holding cell inside the Bronx County Hall of Justice. The officers confiscated his personal property, including his flyers, backpack, phone, wallet, keys, and GoPro video camera. Officer Allis told Mr. Picard that he was being charged with violating the Act.

27. Mr. Picard was detained at the Bronx Hall of Justice in a holding cell for about four and a half hours.

28. Eventually, Assistant District Attorney Suzanna Talbot issued an Affidavit in Support of Declining Prosecution ("Affidavit"). A true and correct copy of the Affidavit, with redactions, is attached to this Complaint as Exhibit A. The Affidavit states in relevant part: "Since the officer did not measure the distance between the defendant and the courthouse, the People have insufficient evidence to meet their burden of proof at trial and as such, the charges must be dismissed." *Id.* Officer Allis signed the Affidavit at 12:44 PM.

29. Shortly after Officer Allis signed the Affidavit, he and two other officers re-handcuffed Mr. Picard and escorted him from the Bronx County Hall of Justice to the New York Police Department's Bronx Central Booking facility. Mr. Picard was detained at the facility for another five hours. He was finally released at around 6:00 PM.

30. Based on his arrest, Mr. Picard reasonably fears that he will be arrested and prosecuted for violating the Act if he again advocates jury nullification within 200 feet of a courthouse in New York State.

6

31. Mr. Picard has not advocated jury nullification within 200 feet of a New York courthouse since his arrest on December 4, 2017. Were it not for the Act, Mr. Picard would continue his jury nullification advocacy outside New York courthouses, including in particular the Bronx Hall of Justice.

## **CLAIM FOR RELIEF**

### **42 U.S.C. § 1983 – FIRST AND FOURTEENTH AMENDMENTS**

32. All prior paragraphs are incorporated.

33. The First Amendment to the United States Constitution prohibits abridgment of freedom of speech.

34. The First Amendment is applied to the states through the Fourteenth Amendment, and further references to the First Amendment include the First Amendment as applied to the states through the Fourteenth Amendment.

35. The Act unduly restricts political expression and expressive activity. Much of the speech criminalized by the Act is core political speech concerning the operation of the judicial system.

36. The Act facially violates the First Amendment because it imposes content-based restrictions on speech in a traditional public forum. The Act criminalizes speech related to the "conduct of a trial," "the character of the court or jury engaged in such trial," or "calling for or demanding any specified action or determination by such court or jury in connection with such trial," when that speech occurs within 200 feet of a courthouse. Speech on other subjects, however, remains unfettered.

37. The Act facially violates the First Amendment because it is substantially overbroad. The Act encompasses a large amount of speech related to the judicial process that poses no threat to the due administration of justice.

38. The Act violates the First Amendment as applied to speech advocating jury nullification. To be sure, the First Amendment does not protect intentional attempts to influence a juror's vote in a particular case. But, absent such specific intent, speech advocating jury nullification is constitutionally protected.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

A. Declare that N.Y.P.L. § 215.50(7) violates the First and Fourteenth Amendments of the United States Constitution, both on its face and as applied to Plaintiff;

B. Permanently restrain and enjoin Defendants, their officers, troopers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including but not limited to every Bronx County prosecutor and New York State Court Officer from enforcing N.Y.P.L. § 215.50(7);

C. Award Plaintiff attorneys' fees in this action pursuant to 42 U.S.C. § 1988(b);

D. Award Plaintiff his costs of suit; and

E. Grant other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

Brian Hauss (BH-8861)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2652