

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

*Susan P. Scharfstein*
*Special Federal Litigation Division*
*212-356-2355*
*Facsimile: (212) 356-3509*
*sscharfs@law.nyc.gov*

May 14, 2019

Honorable Denise Cote *(by ECF)*
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  Picard v. Clark, et al., 19 CV 03059 (DLC)

Dear Judge Cote:

      I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendant Darcel D. Clark, in her official capacity as District Attorney for Bronx County ("defendant") in the above-referenced action brought pursuant to 42 U.S.C. §1983, alleging claims under the First and Fourteenth Amendments.

      I write to request that the Court defer defendants' response to the complaint, which is currently due on May 20, 2019, and instead address defendant's proposed motion to dismiss pursuant to Rules 12(b)(1) and (6) at the conference now set for June 28, 2019, at 10:00 a.m., and set a briefing schedule, if necessary, at the conference. I understand that Your Honor does not require a pre-motion conference for motions other than discovery motions; however, defendant believes that such a conference would be useful in this matter so that the Court and the parties may discuss how it would be best to proceed in light of considerations of efficiency. Plaintiff's counsel has advised me that he consents to this request. I have not discussed this request with counsel for co-defendant Michael Magliano, as no counsel has yet appeared for him in this action.

      In his complaint, plaintiff Michael Picard alleges that, on December 4, 2017, he was arrested outside of the Bronx Hall of Justice for displaying a sign and distributing flyers advocating for jury nullification of unjust laws in violation of New York's criminal contempt statute, New York Penal Law § 215.50(7). That statute, by its terms, provides that:

> A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct:
>
> (7) On or along a public street or sidewalk within a radius of two hundred feet of any building established as a courthouse, he calls aloud, shouts, holds or displays placards or signs containing

> written or printed matter, concerning the conduct of a trial being held in such courthouse or the character of the court or jury engaged in such trial or calling for or demanding any specified action or determination by such court or jury in connection with such trial.

According to plaintiff, he was arrested pursuant to the statute and detained for approximately 10 hours. Plaintiff alleges that the Bronx district attorney's office declined to prosecute because the arresting officer had failed to measure whether plaintiff was in fact within 200 feet of the courthouse.

Plaintiff brings this action as a First Amendment challenge to the statute and to seek declaratory and injunctive relief. He alleges that the statute violates the First Amendment by imposing a content-based restriction on speech on public streets and sidewalks; by being substantially overbroad and criminalizing a great deal of constitutionally-protected speech when there is no risk that it will interfere with the due administration of justice; and as applied to speech advocating jury nullification. Plaintiff has sued by the Bronx District Attorney and the Chief of Public Safety for the New York Unified Court System in their official capacities, seeking rulings declaring that the statute facially violates the First and Fourteenth Amendments; declaring that the statute violation the First and Fourteenth Amendments as applied to jury nullification advocacy, and permanently enjoining defendants from enforcing the statue.

Defendant District Attorney Clark respectfully submits that plaintiff does not state a claim for relief as to her and lacks standing as there are no facts alleged to support that the district attorney's office has enforced the challenged statute as to plaintiff or will do so in the future. A plaintiff has standing to seek injunctive relief only where he can "carry the burden of establishing that 'he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'" Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983)). Like an injunction, a declaratory judgment requires a plaintiff to demonstrate a sufficient likelihood that he will be wronged again in a similar manner. Marcavage v. City of N.Y., 689 F.3d 98, 103 (2d Cir. 2012). There is, however, no conduct as to which the Court may issue declaratory or injunctive relief at present as to this defendant, as there is no justiciable case or controversy. This Court lacks jurisdiction to hear a matter where there are no legal rights of litigants to be adjudged in an actual controversy. See Lyons, 461 U.S. at 101. A hypothetical threat of enforcement of an alleged unconstitutional statute is insufficient to amount to an actual justiciable case or controversy; rather, there must be a specific, live grievance. United Pub. Workers v. Mitchell, 330 U.S. 75, 90 (1947). Indeed, to satisfy Article III and the declaratory judgment statute, 28 U.S.C. §§ 2201-2202, a "credible threat must be shown to be alive at each stage of the litigation." Ellis v. Dyson, 421 U.S. 426, 434-35 (1975); see also U.S. Const. art. III, § 2; Young v. N.Y. City Trans. Auth., 903 F.2d 146, 162-63 (2d Cir. 1990), cert. denied, 111 S. Ct. 516 (1990).

To the extent that plaintiff wishes to challenge the constitutionality of the statute, a response should be forthcoming, if at all, from the New York State Attorney General, who is to be notified of this action in keeping with Rule 5.1 of the Federal Rules of Civil Procedure. It is the role of the Attorney General to support the constitutionality of challenged state statutes, see N.Y. Exec. Law § 71, and to defend actions in which the state is "interested." N.Y. Exec. Law § 63(1). Now that this action has been filed, should this Court find that the law does not meet

constitutional standards, there is no reason to believe that the district attorney's office would enforce it in the future.

For the above reasons, defendant Clark respectfully requests that the Court address her proposed motion to dismiss at the conference now set for June 28, 2019, at 10:00 a.m. Defendant asks also that discovery as to this defendant be stayed pending resolution of the motion to dismiss.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Susan P. Scharfstein

cc:   All counsel of record *(by ECF)*