**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICHAEL PICARD,

               Plaintiff,

– against –

DARCEL D. CLARK, in her official capacity
as District Attorney for Bronx County,
MICHAEL MAGLIANO, in his official
capacity as Chief of Public Safety for the New
York Unified Court System,

               Defendants.

No. 19 Civ. 3059 (DLC)

**[PROPOSED] JOINT PRETRIAL ORDER**

The parties to this action submit this proposed joint pretrial order pursuant to the Court's

Individual Practices in Civil Cases, the January 24, 2020 Pretrial Scheduling Order, and Rule 16

of the Federal Rules of Civil Procedure.

## I.    Caption

The full caption of the action is set forth above.

## II.    Counsel for the Parties

Attorneys for Plaintiff Michael Picard:

Brian Hauss
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
Fax: (212) 549-2652
Email: bhauss@aclu.org

Attorneys for Chief Michael Magliano:

LETITIA JAMES
Attorney General
State of New York
Michael A. Berg
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
Fax: (212) 416-6075
michael.berg@ag.ny.gov

Attorneys for Defendant Darcel Clark:

JAMES E. JOHNSON
Corporation Counsel of the
    City of New York
100 Church Street
New York, New York 10007
Susan P. Scharfstein
Special Federal Litigation Division
Tel: (212) 356-2355
Fax: (212) 356-3509
Email: sscharfs@law.nyc.gov

**III.    Subject Matter Jurisdiction**

Plaintiff's Statement:

1.    This action asserts claims pursuant to the First Amendment to the U.S.

Constitution, made applicable to the States by the Fourteenth Amendment to the U.S.

Constitution, and 42 U.S.C. § 1983.

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3.    Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4.      Defendants are public officials of the State of New York, and their offices are located within this District. This Court has personal jurisdiction over Defendants.

5.      Venue in the Southern District of New York is based on 28 U.S.C. § 1391(b).

6.      Plaintiff respectfully submits that he has Article III standing for the reasons set forth in his Pretrial Memorandum.

Chief Magliano's Statement:

Chief Magliano respectfully submits that Plaintiff lacks Article III standing and that, consequently, the Court lacks subject matter jurisdiction for the reasons set forth in his Pretrial Memorandum. Chief Magliano does not dispute that the Court has subject matter jurisdiction to hear a claim brought by a proper plaintiff pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution.

Defendant Clark's Statement:

Defendant Clark does not contest the Court's subject matter jurisdiction, standing, or the applicability of 28 U.S.C. §§ 2201 and 2202 at this time in light of the Court's December 2, 2019 Opinion and Order.

**IV.    Claims and Defenses**

Plaintiff's Claims:

1.      The Complaint alleges that Mr. Picard was arrested and detained on December 4, 2017, for violating N.Y. Penal L. § 215.50(7) (the "Act"), which provides: "A person is guilty of criminal contempt in the second degree when . . . [o]n or along a public street or sidewalk within a radius of two hundred feet of any building established as a courthouse, he calls aloud, shouts, holds or displays placards or signs containing written or printed matter, concerning the conduct of a trial being held in such courthouse or the character of the court or jury engaged in such trial

or calling for or demanding any specified action or determination by such court or jury in connection with such trial."

2.      The Complaint alleges that Mr. Picard was arrested and detained for engaging in jury nullification advocacy outside the Bronx Hall of Justice and that, as a result, Mr. Picard reasonably fears that continuing his jury nullification advocacy near courthouses in New York will expose him to future arrest and prosecution.

3.      The Complaint alleges that the Act is facially unconstitutional because: (a) it is a content-based restriction on speech in a traditional public forum; (b) it unduly restricts political speech concerning the operation of the judicial system in a traditional public forum; and (c) it is substantially overbroad. The Complaint further alleges that the Act is unconstitutional as applied to jury nullification advocacy.

Chief Magliano's Defenses:

Chief Magliano's principal defenses are:

1.      Plaintiff lacks Article III standing.

2.      The Act is not overly broad, and is narrowly tailored to achieve a compelling government interest. Specifically, the Act serves to protect pending judicial proceedings from improper outside influence, in a manner that is similar and complementary to penal statutes prohibiting jury and witness tampering.

3.       The Act should be construed to avoid Constitutional infirmities. In this instance, the Act should be construed as limited to the circumstances defined by its text, and upheld on that basis.

<u>Defendant Clark</u>:

Defendant Clark recognizes that, pursuant to the Court's December 2, 2019 Opinion and Order, she is sued solely in her official capacity as a nominal defendant. While respectfully recognizing the Court's rulings in the Opinion and Order, defendant does not waive her positions set forth in her motion brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and the defenses set forth in her answer to the complaint dated January 15, 2020, including, but not limited to, the defenses of failure to state a claim for relief, that subject matter jurisdiction is lacking, the declaratory and/or injunctive relief is not appropriate as to her, and that plaintiff lacks standing to assert claims against her. Defendant contends that no specific act of wrongdoing has been pled as against her, and that any threat of future enforcement of the criminal contempt act by her office is no more than hypothetical, as she anticipates that the Court will resolve the constitutionality of the statute in the lawsuit. In the event that the Court finds the statute constitutional, no remedy will be necessary. If, on the other hand, the Court finds the statute unconstitutional, defendant the District Attorney's office will not seek to enforce it in the future.

Related to this, defendant Clark contends that it is the role of the New York State Attorney General's office to argue in favor of the constitutionality of challenged New York state statutes (<u>see</u> N.Y. Exec. Law § 71) (authorizing the state attorney general to appear in cases involving the constitutionality of an act of the legislature and imposing certain service requirements), and to defend actions in which the state is "interested." (N.Y. Exec. Law § 63(1))

(requiring the state attorney general to prosecute and defend all actions and proceedings in which the state is interested).[1]

## V.   Jury/Non-Jury

No party has demanded a trial by jury.  The parties anticipate that the matter will be tried on written submissions. In the event that live testimony is necessary, the parties anticipate that no more than one trial day will be needed.

## VI.   Consent to Trial by a Magistrate Judge

The parties do not consent to trial by a Magistrate Judge.

## VII.   Statement of Stipulated Facts[2]

1.      On December 4, 2017, Mr. Picard traveled to the Bronx County Hall of Justice, located at 265 East 161 Street, Bronx, New York 10451, to advocate jury nullification.

2.      At about 8 a.m. on December 4, 2017, Mr. Picard stood on the public sidewalk on the north side of East 161 Street, between Sherman Avenue and Morris Avenue, outside the main entrance to the Bronx Hall of Justice.

3.      While standing at that location at about 8 a.m. on December 4, 2017, Mr. Picard held a single sign with the following wording: "Jury Info".

---

[1] For these reasons and because it would otherwise be unnecessary, defendant Clark does not intend to submit proposed findings of fact and conclusions of law and a memorandum of law as set forth in the January 24, 2020 Pretrial Scheduling Order.  Defendant Clark reserves her right, however, to submit a responsive memorandum of law as set forth in Item 1 of the January 24, 2020 Order, to the extent that a response is necessary.

[2] Defendant Clark sued in her official capacity does not have personal knowledge of the facts, but does not object to the facts as stipulated by the other parties solely for the purposes of the trial of this lawsuit seeking declaratory and injunctive relief with regard to the constitutionality of the Act.

4.      At the same time and place, Mr. Picard had in his possession flyers with the following wording: "No Victim? No Crime. Google Jury Nullification" on one side and "'One has a moral responsibility to disobey unjust laws' –Martin Luther King Jr." on the other side.

5.      Mr. Picard handed flyers to about four pedestrians. Mr. Picard did not ask any of these individuals whether they were active jury members.

6.      At approximately 8:05 a.m., a New York State Court Officer approached Mr. Picard and informed him that it is against the law to distribute flyers about jury nullification within two hundred feet of a courthouse. The officer asked Mr. Picard several times to move and warned Mr. Picard that he would be arrested if he did not move at least 200 feet from the courthouse.

7.      Mr. Picard refused to move, stating that he was standing on a public sidewalk and was permitted to distribute his informational flyers advocating jury nullification.

8.      New York State Court Officer Sergeant Vincent Allis then took Mr. Picard into custody for allegedly violating the Act. Mr. Picard was placed in a holding cell inside the Bronx County Hall of Justice.

9.      New York County Assistant District Attorney Suzanna Talbot executed an Affidavit in Support of Declining Prosecution. The Affidavit stated in relevant part:  "The People decline to prosecute the instant matter due to insufficient evidence. On December 4, 2017, at 8:05am, arresting officer observed defendant on the sidewalk in front of the courthouse, holding and displaying a sign with the words printed JURY INFORMATION, and displaying pamphlets stating NO VICTIM NO CRIME. When the arresting officer approached Defendant and informed him that he needed to be 200 feet away from the courthouse to protest, the defendant refused to move. Since the officer did not measure the distance between defendant and the

courthouse, the People have insufficient evidence to meet their burden of proof at trial and as such, the charges must be dismissed." The Affidavit was executed on December 4, 2017, and identifies Michael Picard as the defendant.

## VIII.    List of Witnesses

Plaintiff's Witnesses:

Plaintiff Michael Picard identifies himself as a witness concerning his claims, including the alleged enforcement of the Act against him on December 4, 2017, and the Act's effect on his intended expressive activities. Plaintiff intends to submit his testimony via affidavit, but will be available to present live testimony if the Court deems it necessary or helpful.

Chief Magliano's Witnesses:

Chief Magliano identifies himself as a potential witness concerning his defenses, including the alleged enforcement of the Act against Mr. Picard on December 4, 2017, and the compelling government interests served by the Act. Chief Magliano intends to submit his testimony via declaration, but will be available to present live testimony if the Court deems it necessary or helpful.

Defendant Clark's Witnesses:

Defendant Clark reserves the right to call witnesses to the extent that the Court may determine that witness testimony is necessary or helpful to the resolution of this matter, and reserves the right to cross-examine any witnesses presented by any other party.

Deposition testimony

None.

## IX.    List of Exhibits

The parties stipulate to the admission of the following exhibits at trial:

Plaintiff's Exhibit 1:   **Sign used by Michael Picard on December 4, 2017

Plaintiff's Exhibit 2:   **Flyer distributed by Michael Picard on December 4, 2017.

Plaintiff's Exhibit 3:   **Affidavit in Support of Declining/Deferring Prosecution, executed by Assistant District Attorney Suzanna Talbot, dated December 4, 2017.

State's Exhibit 1:   **State of New York Unified Court System, Unusual Occurrence Report No. 79161, dated December 4, 2017.

State's Exhibit 2:   **State of New York Unified Court System, Unusual Occurrence Report No. 7800, dated September 22, 2006.

State's Exhibit 3:   **State of New York Unified Court System, Unusual Occurrence Report No. 47958, dated December 12, 2012.

State's Exhibit 4:   **State of New York Unified Court System, Unusual Occurrence Report No. 77682, dated October 3, 2017.

<u>Defendant Clark:</u>

Defendant Clark reserves the right to introduce or rely on exhibits to the extent that the Court may determine that such evidence is necessary or helpful to the resolution of this matter, and reserves the right to rely on any exhibits presented by any other party.

Dated: March 6, 2020

/s/ Brian Hauss
Brian Hauss
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
Fax: (212) 549-2652
Email: bhauss@aclu.org
*Counsel for Plaintiff Michael Picard*

LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendant*

By:  /s/ Michael A. Berg (with permission)
Michael A. Berg
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
michael.berg@ag.ny.gov

James E. Johnson
Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007
 (212) 356-2355
sscharfs@law.nyc.gov
/s/ Susan Scharfstein (with permission)
Susan P. Scharfstein
*Counsel for Darcel Clark*

                                _____

                                Honorable Denise L. Cote
                                United States District Court Judge