UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL PICARD,<br><br>                    Plaintiff,<br><br>– against –<br><br>DARCEL C. CLARK, in her official capacity as District Attorney for Bronx County, MICHAEL MAGLIANO, in his official capacity as Chief of Public Safety for the New York Unified Court System,<br><br>                  Defendants. | No. 19 Civ. 3059 (DLC)<br><br>**SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL OF CLAIM FOR FEES AND COSTS** |

This **SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL** ("Settlement Agreement") is made by and between Plaintiff Michael Picard ("Plaintiff") and Defendant Michael Magliano, sued in his official capacity as Chief of the Department of Public Safety for the New York State Unified Court System ("Chief Magliano"), as follows:

**WHEREAS**, Plaintiff commenced this action by filing a complaint on or about April 5, 2019 ("the Complaint") in the United States District Court for the Southern District of New York, Case No. 19 Civ. 3059 (DCL), asserting claims against Bronx County District Attorney Darcel D. Clark ("DA Clark") and Chief Magliano under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution (the "Action"); and

**WHEREAS**, the Court rendered an Opinion and Order on the merits of the Action, dated July 29, 2020, after a trial based upon the parties' written submissions; and

**WHEREAS**, the Court issued a Final Judgment dated August 14, 2020, which held N.Y. Penal Law § 215.50(7) unconstitutional on its face and enjoined defendants from enforcing it (the "Judgment"); and

**WHEREAS**, Plaintiff has requested that DA Clark and Chief Magliano pay certain attorneys' fees and costs incurred in litigating the Action pursuant to 42 U.S.C. § 1988(b); and

**WHEREAS**, Chief Magliano expressly denies any wrongful conduct or liability, including liability for attorneys' fees and costs, and denies violating any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

**WHEREAS**, Plaintiff and Chief Magliano desire to fully resolve the amount of Plaintiff's claim for attorneys' fees and costs in the Action and to stipulate to the circumstances in which Chief Magliano, in his official capacity, may become liable for the payment of such fees and costs, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

**WHEREAS**, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of this Settlement Agreement; and

**WHEREAS**, Plaintiff and Chief Magliano have agreed that Plaintiff will not seek payment, and neither Chief Magliano nor the State of New York on his behalf will owe Plaintiff any duty to pay any attorneys' fees and costs in connection with the litigation of this Action unless Plaintiff prevails in the appeal filed by Chief Magliano in the United States Court of Appeals for the Second Circuit, styled *Picard v. Magliano*, Case No. 20-3161;

**NOW THEREFORE**, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiff and Chief Magliano hereby stipulate and agree as follows:

1. **Dismissal of Plaintiff's Claim for Attorneys' Fees and Costs with Prejudice.**

All claims that Plaintiff has asserted, or could have asserted, for attorneys' fees and costs in this Action are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in paragraph 2 of this Settlement Agreement.

2. **Payments to Plaintiff and Plaintiff's Attorney.**

In full consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein, including the dismissal of all claims for attorneys' fees and costs with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of Chief Magliano in his official capacity, shall pay to Plaintiff or Plaintiff's attorneys the gross amount of seventeen thousand two hundred fifty-three dollars and no cents ($17,253.00), for which I.R.S. Forms 1099 shall be issued to each of Plaintiff and Plaintiff's attorneys, in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages, including but not limited to, pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation, punitive damages, and liquidated damages, and any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff's attorneys or Plaintiff for any for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Plaintiff Michael Picard, or to the American Civil Liberties Union Foundation, Inc., as attorneys for Plaintiff Michael Picard, and electronically transferred or mailed to: American Civil Liberties Union Foundation, Inc., 125 Broad Street, 18th Floor, New York, New York 10004.

3. **State Approval of Payments.**

The payment referenced in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law

§ 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

    **4.**    **Payment Contingent Upon Outcome of Appeal.**

The payment referenced in Paragraph 2 of this Settlement Agreement is conditioned upon the outcome of Chief Magliano's appeal of the Judgment, as follows:

    a.    No amount for attorneys' fees, expenses, and costs shall be payable from defendant Michael Magliano or the State of New York, and this Stipulation shall be null and void, in the event that plaintiff no longer has prevailing party status because defendant Michael Magliano is successful in his appeal of the Court's judgment.

    b.    In no event will Plaintiff be entitled to demand or receive the payment referenced in Paragraph 2 of this Settlement Agreement prior to the issuance of a mandate by the U.S. Court of Appeals for the Second Circuit affirming the Judgment in this Action.

    **5.**    **Accrual of Interest.**

In the event that the payments referenced in Paragraph 2 of this Settlement Agreement have not been made by the one hundred twentieth (120th) day after the later of the receipt by the Office of the Attorney General of (a) the mandate issued by the U.S. Court of Appeals for the Second Circuit in Plaintiff's (Appellee's) favor, or (b) the final disposition of this matter by the United States Supreme Court, together with all other requested documentation required under Paragraphs 3 and 8 of this Settlement Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day after receipt of all required documentation by the Office of the Attorney General of all documentation required under Paragraphs 3 and 8 of this Settlement Agreement.

**6.     Liability for Taxes.**

Any taxes, or interest or penalties on taxes, on the payments referenced in Paragraph 2 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, or his attorneys for fees paid to said attorneys. Plaintiff and his attorneys agree and acknowledge that they shall have no claim, right, or cause of action against Chief Magliano and/or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Chief Magliano and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

**7.     Responsibility of Plaintiff for Liens and Setoffs.**

Plaintiff agrees that Chief Magliano or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, shall not be responsible for the satisfaction of any liens, or the payment of setoffs, deductions, or recoupments of any kind, including any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation, or child support liens, that may attach to the payments referenced in Paragraph 2 and that Plaintiff shall have no claim, right, or cause of action on account of such liens or setoffs.

**8.     Medicare Certification.**

Plaintiff represents and warrants that he is not a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional

payments have been made on her behalf by Medicare, and further that he does not expect to be Medicare eligible and/or a recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affidavit") to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 2, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 3 and 5 of this Settlement Agreement.

9. **Liability of Plaintiff for Any Medicare Payments or Medicare Liens.**

Plaintiff agrees to defend, indemnify, and hold harmless Chief Magliano or the State of New York, or any of the State's offices, agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, for any liens or past or future Medicare payments presently known or unknown in connection with the Action.  If conditional or future anticipated Medicare payments have not been satisfied, Chief Magliano and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 and 8, payment of the settlement amounts specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

10. **General Release in Favor of Defendant.**

For and in consideration of the payments referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns

(collectively, "the Releasing Parties"), hereby releases and forever discharges Chief Magliano and the State of New York, together with their offices, agencies, departments, divisions, as well as their present and former officers, employees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including: (a) any and all claims, causes of action, grievances arising out of his arrest or detention by New York State Court Officers on or about December 4, 2017, whether pursuant to 42 U.S.C. § 1983 or any other federal or state statute, constitutional provision, regulation, or common law, or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action; and (b) any claim for attorneys' fees, costs, or expenses arising out of the Action. Plaintiff is not waiving or releasing any non-waivable statutory protections. Plaintiff is not waiving or releasing any claims that may arise after Plaintiff executes this Settlement Agreement. Plaintiff is not waiving or releasing his right to defend the Judgment on appeal, or to seek an award of attorneys' fees and costs incurred litigating the appeal of the Judgment.

11. **No Other Action or Proceeding Commenced.**

Other than the Action, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on his own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any

court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Chief Magliano to enter into this Settlement Agreement.

12. **Waiver of Attorneys' Lien.**

The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N. Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13. **No Other Attorney.**

Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys who have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

14. **Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

15. **Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

16. **Voluntary Agreement.**

Plaintiff represents that he has thoroughly discussed all aspects of this Settlement Agreement, including the General Release, with his counsel, and Plaintiff represents that he has carefully read and fully understands all of the provisions of this Settlement Agreement. Plaintiff represents that he

executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that he has consulted with his attorneys before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

17. **Negotiated Agreement.**

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

18. **No Admission of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of Chief Magliano, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of Chief Magliano or the State of New York.

19. **No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or

collaterally estop Chief Magliano, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

20. **Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21. **Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

22. **Severability.**

With the exception of paragraphs 1, 3, 8, 10, and 11 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 23. Headings.

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

### 24. Submission to the Court.

This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

### 25. Counterparts.

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

### 26. Authority to Sign Agreement.

The Parties and the signatories to this Agreement represent and warrant that the signatories executing this Agreement on behalf of each Party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: New York, New York
December 22, 2020

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
*Attorneys for Plaintiff*
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

By: _____
Brian Hauss

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant Michael Magliano*
25 Liberty Street
New York, NY 10005
(212) 416-8651

By: _____
Michael A. Berg

SO ORDERED:

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE


Dated: _____, 2020

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL PICARD,<br><br>                      Plaintiff,<br><br>– against –<br><br>DARCEL C. CLARK, in her official capacity as District Attorney for Bronx County, MICHAEL MAGLIANO, in his official capacity as Chief of Public Safety for the New York Unified Court System,<br><br>                      Defendants. | No. 19 Civ. 3059 (DLC)<br><br>**PLAINTIFF'S AFFIDAVIT**<br>**REGARDING MEDICARE** |

STATE OF                     )
                                  ) ss.:
COUNTY OF                )

      Michael Picard, being duly sworn, deposes and says:

1.     I am the plaintiff in the above-entitled action and I reside at [**address**], Connecticut **xxxxx** and my telephone number is [**number**].

2.     I am making this affidavit with full knowledge that the same will be relied upon by the State of New York, its agents, employees and representatives ("OAG") in connection with settlement of certain claims in this action against Michael Magliano, Chief of the Public Safety Department of the New York State Unified Court System, specifically as it relates to the OAG's obligations as to Medicare compliance primarily pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP"). I understand that a query will be or has been made to verify my current Medicare eligibility status.

3.     I hereby acknowledge and understand that as mandated by the Centers for Medicare and Medicaid Services ("CMS") and promulgated by and through its rules and regulations including but not limited to the MMSEA or MSP, I am required to:

      a.     reimburse Medicare for *conditional payments* it has made from the settlement herein; or

   b.   utilize the settlement proceeds to pay for future medical expenses, when necessary.

4.   I further acknowledge that the information provided herein will be relied upon by defendant and OAG as true and accurate and, when applicable, will be used for reporting pursuant to the MMSEA or as deemed necessary or required by the defendant and OAG.

5.   I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to MMSEA .

## PEDIGREE INFORMATION

6.   I have been known by (include all alias name(s), former name(s) maiden name(s)) the following names:  Michael Picard. I hereby acknowledge that I can be identified by this/these name(s) and all these names are indeed referring to me.

7.   I consent to OAG verifying my current Medicare eligibility for purposes of its compliance with MMSEA.  I affirm:

   a.   my social security number is _____;
   b.   my date of birth is _____; and
   c.   my gender is male.

## CURRENT MEDICARE ELIGIBILITY
*Initial and affirm applicable current Medicare eligibility status*

8.   As of the date of this affidavit:

   a.   ✎_____   I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

### OR

   b.   ✎_____   I am a Medicare beneficiary and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively hereinafter referred to as "Medicare") for payments or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this action.  I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this action; and

    i.    ✎_____    Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's Conditional Payment letter or Final Demand Letter)*; or

    ii.    ✎_____    Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)*. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

    iii.    ✎_____    I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to Clement J. Colucci and to OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter or Final Demand Letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

## FUTURE MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable future Medicare eligibility status ✎*

9.    As of the date of this affidavit:

    a.    ✎_____    I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of the above-captioned litigation. I affirm that I:
    i.    have not applied for Social Security Disability Insurance (SSDI);
    ii.    have not been denied SSDI and anticipating appealing that decision;
    iii.    am not in the process of appealing or re-filing for SSDI;
    iv.    am not 62.5 years or older; and
    v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

**OR**

    b.    ✎_____    I am not current a Medicare beneficiary. However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation; and

        i.    ✎_____    I do not require any future treatment for injuries that are the subject of this action. The required certification(s) for the injuries alleged in the complaint is attached. The attached certification attests that there is no

     anticipated future treatment required for the injuries sustained in the within action; or

  ii. ✎_____ I do require future treatment for the injuries that are the subject of this action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

  iii. ✎_____ I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

**OR**

c. ✎_____ I am currently a Medicare beneficiary and

  i. ✎_____ I do not require any future treatment for injuries that are the subject of this action.  The required certification(s) for the injuries alleged in the *complaint* is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

  ii. ✎_____ I do require future treatment for the injuries that are the subject of this action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

  iii. ✎_____ I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

                      _____

Sworn to before me this
____ day of _____, 2020.


_____
  NOTARY PUBLIC